UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

John Dasta,

        Plaintiff,

  vs.                    REPORT AND RECOMMENDATION

Bobby Shearin, Dr. Leonardo
F. Giron, Julie Hayes, Howard
Nelson, and Bernie Richards,
in their official and individual
capacities,

        Defendants.      Civ. No. 04-4475 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the routine supervision of cases, and upon the Motions of the Plaintiff to Appoint Counsel, for Participation of Representation of Amicus Curiae, to Direct the United States Marshal to Investigate and Locate the Unserved Defendants, and for Discovery of Records filed by the Defendants. In addition, on November 25, 2005, we received a letter from the Plaintiff that requested that we

"intervene" in matters concerning the opening of his legal mail, and his access to copying facilities, see, Docket No. 42, which we construe as an informal Motion for injunctive relief. For the reasons which follow, we recommend that each of the Plaintiff's Motions be denied.

## II. Discussion

The Plaintiff, who is a Federal prisoner, commenced this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging, in part, that he has received inadequate medical care during his confinement at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), and at the Federal Medical Center in Rochester, Minnesota. The Plaintiff's initial Amended Complaint was summarily dismissed, pursuant to Title 28 U.S.C. §1915A(b), upon a finding that the Plaintiff had not presented an actionable claim. Subsequently, the Eighth Circuit Court of Appeals affirmed the dismissal of a number of the named Defendants, but concluded that the Plaintiff should be allowed to pursue some of the claims, which were set forth in his Amended Complaint, against Dr. Leonardo F. Giron, Bobby Shearin, Julie Hayes, Howard Nelson and Bernie Richards. With the foregoing as a backdrop, we address the Plaintiff's Motions, in turn.

A.     The Plaintiff's Motion to Appoint Counsel.

By Order dated November 3, 2005, we denied the Plaintiff's Motion to Appoint Counsel, but without prejudice, upon our finding that the issues presented in the Plaintiff's claim were uncomplicated, in both their factual and legal components, and that the Plaintiff possessed the capacity to articulate the grievances alleged in his Complaint. See, Docket No. 40. The Plaintiff's present Motion provides no new information and, in fact, appears to be identical to that which we denied in our Order of November 3, 2005.[1] Therefore, applying the same principles, we recommend that the Plaintiff's Motion be denied, but without prejudice, subject to its renewal should the circumstances so warrant.

B.     The Plaintiff's Application for the Participation of Representation of Amicus Curiae.

The Plaintiff's Application, which is entitled "PLAINTIFF'S APPLICATION FOR THE PARTICIPATION OF REPRESENTATION OF AMICUS CURIAE AS OF [sic] A SIXTH AMENDMENT RIGHT PURSUANT TO 28 C.F.R. 68.17 AND 68.33(3)(i) FOR COGNIZABILITY FACTORS OF RULES,"

---

[1] The cover letter that was transmitted by the Plaintiff, along with the pending Motion, also suggests that the two Motions to Appoint Counsel are identical.

advises the Court of the Plaintiff's desire to allow another inmate -- Scottie Lee Graves ("Graves") -- to assist, respond, and submit filings on behalf of the Plaintiff, and requests that we authorize such an arrangement. Along with the Application, the Plaintiff has submitted an Affidavit of Graves, in which Graves asserts that he "possess[es] the knowledge of administrative procedures, technical expertise, <u>inter alia</u> [sic], qualifications necessary to render valuable service in the proceedings and am otherwise <u>competent</u> to advise and assist in the presentation of matters in the proceedings," and he requests that he be allowed to appear on behalf of the Plaintiff. <u>Affidavit of Scottie Graves</u>, at ¶3 [emphasis in original], <u>Docket No. 54</u>, at p. 3. However, nothing submitted by either Graves, or the Plaintiff, establishes that Graves is an attorney, who is licensed to practice law in this State and District, or any other District in the United States.

As authority for his request to be represented by Graves, the Plaintiff has cited 28 C.F.R. §§68.17 through 68.33(c)(3)(i). However, those provisions govern "adjudicatory proceedings before Administrative Law Judges of the Executive Office for Immigration Review, United States Department of Justice, with regard to unlawful employment cases * * *, unfair immigration-related employment practices cases * *

\*, and document fraud cases," see, 28 C.F.R. §68.1, and are plainly not applicable to the Plaintiff's pending Bivens action in this Court.[2]

A party that is proceeding in a Federal Court "may plead and conduct their own cases personally or by counsel * * *." Title 28 U.S.C. §1654. In turn, under the Rules of this District, "[n]o person, unless duly admitted to practice in this Court, shall be permitted to appear and participate in the trial of any action or the hearing of any motion except in his or her own behalf or by special permission of the Court or as provided in subdivisions (c), (d), or (e) of this rule." Local Rule 83.5(a), Local Rules of the United States District Court for the District of Minnesota. Accordingly, under well-settled Federal law, a person who is not an attorney, "may not engage in the practice of law on behalf of others." Jones ex rel. Jones v. Correctional Medical Services, Inc., 401 F.3d 950, 952 (8th Cir. 2005); see, United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994); Rule 11(a), Federal Rules of Civil Procedure ("Every pleading, written motion, and other paper shall be signed by at least one attorney of

---

[2]The Plaintiff appears to rely on 28 C.F.R. §68.33(c)(3), which allows an individual, who is neither an attorney nor a law student, to provide representation to a party in an Administrative Hearing, upon the application of the individual, and the approval of the Administrative Law Judge. However, as stated, that provision plainly has no application to the present Federal Court proceeding, which is governed by the Local Rules of this District, and the Federal Rules of Civil Procedure.

- 5 -

record * * *, or, if the party is not represented by an attorney, shall be signed by the party.").

The Supreme Court has held that "inmates have a constitutional right of access to the Courts that obligates prison officials to provide **some** means, such as a prison law library or a legal assistance program, for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," Bear v. Kautzky, 305 F.3d 802, 804 (8th Cir. 2002), citing Lewis v. Casey, 518 U.S. 343, 351 (1996)[internal quotations omitted][emphasis in original]; see also, Johnson v. Avery, 393 U.S. 483 (1969), and an inmate's right of access to the Courts may include the right of assistance from so-called "jailhouse lawyers." See, Hamm v. Moore, 984 F.2d 890, 893 (8th Cir. 1992)(Loken, J., concurring).

However, a prisoner's right of access to the Courts does not "sanction representation during litigation by non-party laypersons." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)(non-attorney prisoner may not be permitted to enter an appearance on behalf of another prisoner in a civil rights suit); see also, Valiant-Bey v. Morris, 620 F. Supp. 903, 904 (E. D. Mo. 1985), appeal dismissed, 786 F.2d 1168 (8th Cir. 1986)(non-attorney prisoner could not sign a Motion on behalf of a prisoner who was the plaintiff in a civil rights action); Garcia v.

Wilhelm, 1991 WL 280850 at *2 (E.D. N.Y., December 13, 1991)(non-attorney prisoner could not represent co-plaintiff in civil rights action); Sule v. Story, 1996 WL 170156 at *1 (10th Cir. April 11, 1996)(a pro se plaintiff "may not represent another pro se plaintiff in federal court." ); see also, Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989)(prisoner's right of access to the courts was not denied where another inmate was not permitted to assist the prisoner in telephonic hearing in an action that was brought by the prisoner).  Accordingly, while a prisoner is certainly free to accept the advice of another inmate, the prisoner "retains legal responsibility for his case." See, United States v. Prince, 167 F. Supp.2d 1296, 1303 (D. Kan. 2001).

Given these precepts, we cannot authorize Graves to provide the Plaintiff with representation in the pending claim, as it does not appear that Graves is an attorney, or that he is licensed to practice law in this State and District.[3]  In so finding, we join in the observation, by the Court, in Herrera-Venegas v. Sanchez-Rivera, supra at 42:

> One of many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are

---

[3] In the event that Graves is a licensed attorney, who is authorized to practice law in this State and District, the Plaintiff may so advise the Court, in an Objection to this Report and Recommendation.

> grounds for belief that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against the fellow inmate, including misconduct sanctions and malpractice suits. Conversely, if the party inmate commits a costly procedural or other error, the fault is his own and may not be shifted to his in-house advisor, because the right to assistance protected by the case law is meant to further access to the courts, not to shield an inmate against responsibility for errors once access has been obtained.

Accordingly, while we recommend that the Plaintiff's Application for the Participation of Representation of Amicus Curiae be denied, we emphasize that our recommendation has no bearing on the Plaintiff's ability to seek assistance from other inmates, including Graves, but simply prevents Graves from representing the Plaintiff in these Federal Court proceedings.

    C.    <u>The Plaintiff's Motion for an Order Directing the United States Marshal to Investigate, Locate, and Serve the Presently Unserved Defendants</u>.

In addition to the Plaintiff's request to compel the United States to Conduct an investigation into the whereabouts of the Defendants Howard Nelson, and Julie Hayes, his Motion seeks such relief as: 1) an Order estopping the presently served Defendants from seeking Summary Judgment; 2) an Order setting an "open preliminary hearing," in order to allow the Defendants to concede defeat, or to allow

the Plaintiff to "poll his jury;" 3) the placement of a lien on the property of those Defendants who have not been served; 4) an Order for the production of documents, which also recognizes the Plaintiff's "quash estoppel" rights; 5) an award of costs for the prior dismissal of his action under Title 28 U.S.C. §1915A(b); 6) the appointment of counsel; 7) the establishment of a part performance arbitration bond; 8) permission to present expert testimony at Trial; 9) an Order compelling unspecified discovery; 10) an Order of non-retaliation; 11) and permission to amend the "relief requested" portion of his Amended Complaint, in the future.

However, the Plaintiff's Motion was not signed by the Plaintiff, or an attorney, but was submitted by Graves. As noted, there is nothing in the Record to suggest that Graves is an attorney who is licensed to practice in this State and District and, as a result, we cannot accept the Plaintiff's Motion under these circumstances. See, Rule 11(a), Federal Rules of Civil Procedure; Valiant-Bey v. Morris, supra at 904 (striking petitioner's Traverse, and Motion for Reconsideration, where the document was signed by another inmate, but not by the party, or a licensed attorney); see also, Lohr v. United States, 2004 WL 2092813 at *2 (D. Minn., 2004)("[T]his Court does not accept unsigned filings."). Accordingly, we deny the Plaintiff's Motion, but without

prejudice, subject to its renewal upon compliance with the requirements of Rule 11(a), Federal Rules of Civil Procedure.[4]

    D.    <u>The Plaintiff's Motion for Discovery of Records</u>.

On December 27, 2005, we received a submission from the Plaintiff entitled "EX PARTE SPECIAL MOTION BY PLAINTIFF FOR DISCOVERY OF RECORDS/APPLICATIONS FILED BY DEFENDANTS/REPRESENTATIVES TO SUPPORT GOOD CAUSES SHOWN FOR THE EXTENSION OF TIME FOR

---

[4]Of course, the Plaintiff retains the ability seek the same relief in a Motion that complies with the strictures of Rule 11. However, in affixing his signature to such a Motion, the Plaintiff is certifying that "to the best of [his] knowledge , information, and belief, formed after an inquiry reasonable under the circumstances," the Motion "is not being presented for an improper purpose;" that the "legal contentions contained therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;" and that the "factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable opportunity for further investigation, or discovery." <u>Rule 11(b), Federal Rules of Civil Procedure</u>.

    In the event that the Plaintiff files submissions which fail to satisfy any of the requirements of Rule 11(b), he may be subject to sanctions, under Rule 11(c). See, <u>Carman v. Treat</u>, 7 F.3d 1379, 1381 (8th Cir. 1993)(<u>pro se</u> status of prisoner "do[es] not insulate him from the reach of Rule 11."), citing <u>Joiner v. Delo</u>, 905 F.2d 206, 208 (8th Cir. 1990); <u>Britten v. Benson</u>, 2002 WL 1558276 at *2 (D. Minn., July 12, 2002), citing <u>Burg v. Sissel</u>, 745 F.2d 526, 528 (8th Cir. 1984), and <u>Ginter v. Southern</u>, 611 F.2d 1226, 1227 n. 1 (8th Cir. 1979). Accordingly, while we express no opinion on the merits of the Plaintiff's unsigned Motion, the Plaintiff should be advised to carefully consider the requirements of Rule 11, as he, rather than Graves, will bear the consequences of any violation to that Rule.

EACH NAMED DEFENDANT IN THE COURTS GRANTED ORDER PURSUANT TO RULES 26(a)(1)(A)(B), inter alia," which appears to be a response to our Order of December 9, 2005, in which we granted a Motion by the Defendants for an Extension of Time to Answer the Plaintiff's Complaint. As the Plaintiff has also failed to sign this submission, in accordance with Rule 11(a), we recommend that the Motion be summarily denied, but without prejudice.[5]

E.  The Plaintiff's Informal Motion for Injunctive Relief. On November 25, 2005, we received a letter from the Plaintiff, in which the Plaintiff represents that his right of access to the Courts is being denied by his limited access to copying facilities, and that officers at FCI-Cumberland are opening, reading, and copying his legal mail, thereby violating the requirements of 28 C.F.R. §§540.18 and 540.19.[6] The Plaintiff

---

[5]Through "amicus," the Plaintiff asks that we explain our finding of good cause for the modest extension granted to those Defendants, who have made an appearance in this matter, and he requests copies of any submissions that the Defendants made in that regard. Our grant of the requested extension was based solely on the Defendants' Motion, which had been served upon the Plaintiff, and was an exercise of our discretion. See, Docket No. 52.

[6]28 C.F.R. §540.18 provides, in pertinent part, as follows:

> (a)  The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or

requests that we "intervene and stop the Mail Room at FCI Cumberland, from opening [his] legal mail," and to direct that he be afforded greater access to copying facilities.

As noted, given the nature of the Plaintiff's request for "intervention," we have liberally construed his letter as a Motion for injunctive relief. Rule 65, Federal Rules of Civil Procedure, allows Courts to grant injunctive relief -- in the form of Temporary Restraining Orders -- but only upon a showing that:

---

> copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate".
>
> (b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.

The provision is buttressed by 28 C.F.R. §540.19, which provides, in pertinent part, as follows:

> (a) Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies only if the sender has marked the envelope as specified in [Section] 540.18.

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Rule 65(b), Federal Rules of Civil Procedure.

Alternatively, Courts can issue Preliminary Injunctions and, while Rule 65 does not expressly enumerate the requisite elements of proof so as to warrant the issuance of a Preliminary Injunction, the Courts have listed the critical showings as follows:

> 1) irreparable injury to the movant;
>
> 2) the balance between the injury and the harm that the preliminary injunction will cause to the other parties;
>
> 3) the movant's probability of success on the merits; and
>
> 4) the public interest.

Stuart Hall Co.,Inc. v. Ampad Corp., 51 F.3d 780, 783 n.3 (8th Cir. 1995) citing Calvin Klein Cosmetics corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987); Emerson Electric Company v. Rodgers, 418 F.3d 841, 844 (8th Cir. 2005), citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981); see also, Roberts v. Van Buren Public Schools, 731 F.2d 523 (8th Cir. 1984); Ferry-Morse Seed Co. v. Food Corn, Inc., 729 F.2d 589 (8th Cir. 1984).

Despite such clear prerequisites to the award of injunctive relief, here, the Plaintiff has failed to demonstrate, by Affidavit or by Verified or Certified Complaint, that he will

suffer any immediate and irreparable injury, loss, or damage, if the Court were not to immediately issue an Order restraining the pertinent officials, as is requested in his letter. Notably, while the Plaintiff has submitted a number of administrative grievances for our review, which he has filed with officials of the United States Bureau of Prisons, concerning the opening of his legal mail, as well as his access to copying facilities, those materials do not establish that violations of 28 C.F.R. §§540.18 and 540.19 have occurred, much less that they are ongoing, or that the Plaintiff has suffered, or will imminently suffer, prejudice in the prosecution of the pending action, as a result of his limited access to copying facilities.[7] Accordingly, we recommend that the Plaintiff's Motions for injunctive relief be denied.

NOW, THEREFORE, It is--

RECOMMENDED:

1.  That the Plaintiff's Motion to Appoint Counsel [Docket No. 41] be denied, but without prejudice.

---

[7]Similarly, none of the representations that were made in the Plaintiff's submissions of December 27, 2005, are sufficient to establish an ongoing violation of 28 C.F.R. §§540.18 and 540.19, or that the Plaintiff will suffer imminent injury, in the prosecution of his action, by his limited access to copying facilities.

    2.    That the Plaintiff's Application for the Participation of Representation of Amicus Curiae [Docket No. 54] be denied.

    3.    That the Plaintiff's Motion to Direct the United States Marshal to Investigate and Locate the Unserved Defendants [Docket No. 55] be denied, but without prejudice.

    4.    That the Plaintiff's Motion for Discovery of Records filed by the Defendants [Docket No. 70] be summarily denied, but without prejudice.

    5.    That the Plaintiff's Informal Motion for Injunctive Relief [Docket No. 42] be denied.

Dated: December 28, 2005                      s/Raymond L. Erickson
                                                        Raymond L. Erickson
                                                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 17, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply

with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 17, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.