## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

John Dasta,

         Plaintiff,

v.

Bobby Shearin, Dr. Leonardo F.
Giron, Julie Hayes, Howard Nelson,
and Bernie Richards, in their official
and individual capacities,

         Defendants.

**MEMORANDUM OF LAW & ORDER**
*Civ* No: 04-4475 (MJD/RLE)

_____

John Dasta, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Counsel for Defendants.

_____

### I.    INTRODUCTION

The above-entitled matter comes before the Court upon the Report and

Recommendation of Chief Magistrate Judge Raymond L. Erickson, dated

December 28, 2005. Defendant filed objections to the Report and

Recommendation, and Plaintiff filed a response to those objections. Pursuant to

statute, the Court has conducted a de novo review of the record. 28 U.S.C.

§ 636(b)(1); Local Rule 72.1(c). Based on that review the Court adopts in part

and modifies in part the Report and Recommendation dated December 28, 2005.

### A. Motion to Appoint Counsel

In part A of the Report and Recommendation, Magistrate Erickson

recommends that Dasta's Motion to Appoint Counsel be denied without prejudice

and refers to a November 3, 2005 Order providing background for the

recommendation. Magistrate Erickson concludes that Dasta's claims are

uncomplicated and that Dasta has displayed the capacity to articulate the

grievances alleged in his complaint. The Court agrees that Dasta has not shown a

need for appointed counsel. In an abundance of caution, the Court referred this

matter to the Volunteer Lawyers Network ("VLN") in an attempt to locate a

volunteer attorney to represent Dasta. The VLN was unsuccessful at locating a

volunteer attorney to represent Dasta. However, the Court notes as stated above,

the Dasta has sufficient ability to represent himself in this matter which he has

displayed through numerous filings advocating his various positions.

### B. Application for the Participation of Amicus Curiae

The Court agrees with Magistrate Erickson's analysis recommending denial

of Dasta's application for the participation of Scottie Lee Graves as Amicus Curiae.

Since the filing of the December 28, 2005 Report and Recommendation, Dasta

filed a letter entitled "Ex Parte Communication Seeking Judicial Orders for Relief."

[Doc. No. 91.] This letter includes two requests: (1) that Graves be granted privileges including "special time to properly prepare documentation . . . without questions, retaliations or confrontations from the FCI Cumberland staff;" and (2) an "un-monitored phone call, without staff being present, to Ms. Heidi Huber, prior to appointments of representations in this case . . ." Because the Court denies Dasta's application for Amicus Curiae and Graves is not a party to this matter, these requests are denied as moot.

## C.    Motion for Injunctive Relief

The Report and Recommendation interpreted Plaintiff's letter, received by the Court on November 25, 2005, to be an informal motion for injunctive relief. Chief Magistrate Erickson concluded that Plaintiff's Motion for injunctive relief must be denied because he has failed to demonstrate any immediate and irreparable injury, loss, or damage. Plaintiff responded by submitting a "Memorandum of Law In Support of Motion for Preliminary Injunction/With Order To Show Cause and Temporary Restraining Order With Specific Relief Judicially." Additionally, Plaintiff submitted an affidavit signed by ten fellow inmates at FCI Cumberland. The inmates state that they have witnessed Plaintiff and his "assistant" Scottie Lee Graves being "shaken down" and "harassed" on more than one occasion at the law library in FCI Cumberland. Further, Plaintiff alleges that the mail room at FCI Cumberland continues to open his special legal

3

mail outside his presence.  Plaintiff asserts that these pieces of evidence are

sufficient to show irreparable injury, warranting a preliminary injunction in this

case.

Although the Court is troubled by evidence that FCI Cumberland may have

improperly opened Plaintiff's legal mail outside his presence on more than one

occasion, the Court notes that these allegations do not show imminent irreparable

injury.  Plaintiff has provided no evidence that the alleged harassment or mail

opening has adversely affected the current action or his access to the courts.  He

has admittedly received all Court documents, and been able to continue handling

his litigation despite these adversities.  In fact, Plaintiff has successfully used the

law library at FCI Cumberland for legal research and has filed a number of legal

documents in this case.  Accordingly, because Plaintiff has not shown that the

alleged practices of FCI Cumberland personnel will result in irreparable harm, his

Motion for injunctive relief is denied.

**IT IS HEREBY ORDERED** that:

1.    The Chief Magistrate Judge's Report and Recommendation dated December 28, 2005 [Doc. No. 73] is **ADOPTED IN PART** and **MODIFIED IN PART** as set forth in this order.

2..   Plaintiff's Motion to Appoint Counsel [Doc. No. 41] is **DENIED WITHOUT PREJUDICE.**

4

3.  Plaintiff's Application for the Participation of Representation of Amicus Curiae [Doc. No. 54] is **DENIED.**

4.  Plaintiff's Motion to Direct the United States Marshal to Investigate and Locate the Unserved Defendants [Doc. No. 55] is **DENIED WITHOUT PREJUDICE.**

5.  Plaintiff's Motion for Discovery of Records filed by the Defendants [Doc. No. 70] is **DENIED WITHOUT PREJUDICE.**

6.  Plaintiff's Informal Motion for Injunctive Relief [Doc. No. 42] is **DENIED.**

Dated: June 2, 2006

s / Michael J. Davis
Judge Michael J. Davis
United States District Court